UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOHN SMYTH and CYNTHIA SMYTH :
Plaintiffs, :
v. :
GENERAL ELECTRIC COMPANY, :
GE HEALTHCARE, INC., :
GE HEALTHCARE BIO-SCIENCES CORP., :
RHODE ISLAND HOSPITAL and :
THE MIRIAM HOSPITAL :
Defendants. :

CA 08 68S

C.A. No. 08-

## NOTICE OF REMOVAL OF ACTION

Pursuant to 28 U.S.C.A. §§ 1332, 1441, and 1446, Defendants General Electric Company, GE Healthcare Inc. (improperly named as GE Healthcare, Inc.) and GE Healthcare Bio-Sciences Corp. (collectively "GEHC") hereby file this Notice of Removal of the above-captioned case to this Court and state as follows:

## GADOLINIUM MDL

1. This action is one of over 80 products liability actions now pending against manufacturers of Gadolinium-based contrast agents administered in order to enhance radiographic images obtained during the course of MRI testing. These actions primarily involve three Gadolinium-based contrast agent manufacturers, including GEHC. These actions primarily have been brought in, or removed to, federal courts across the country.

2. Given the number of suits involving Gadolinium-based contrast agent products, on January 30, 2007, and pursuant to 28 U.S.C. § 1407, the Judicial Panel on

Multi-District Litigation ("JPML") heard arguments in favor of transferring the foregoing cases for consolidated and coordinated proceedings before an MDL Court.

3. On February 27, 2008, the JPML established an MDL for Gadolinium-based-product cases and ordered the pending cases transferred to the United States District Court for the Northern District of Ohio. (A copy of the Order is attached as Exhibit A.) Upon removal, GEHC will designate this action as a "Tag-Along" for inclusion in the MDL proceeding. Thus, once transferred, it is expected that all pretrial issues will be governed by scheduling orders entered by the presiding MDL Judge in the U.S. District Court for the Northern District of Ohio.

## REMOVAL PROCEDURES

4. On February 1, 2008, Plaintiffs filed this action, entitled John Smyth and Cynthia Smyth v. General Electric Company, GE Healthcare, Inc., GE Healthcare Bio-Sciences Corp., Rhode Island Hospital and The Miriam Hospital, C.A. No. 08-0080, in the Superior Court for the State of Rhode Island in Washington County. (A copy of the Complaint is attached as Exhibit B.)

5. General Electric Company, GE Healthcare Inc. and GE Healthcare Bio-Sciences Corp. were served by certified mail on or about February 7, 2008.

6. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Thus, this removal is timely.

7. There have been no proceedings in this action in the Washington County Superior Court involving GEHC. Defendants Rhode Island Hospital and The Miriam Hospital have filed answers.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this judicial district.

**DIVERSITY JURISDICTION EXISTS**

9. This is an action over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court under 28 U.S.C. §§ 1441 and 1446. Suits that do not arise under federal law are removable "if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). The only further requirement for diversity is that the amount in controversy exceeds $75,000.

10. The Plaintiffs are, according to the Complaint, citizens and residents of Rhode Island.

11. Defendant General Electric Company is, and has been at all relevant times, a corporation under the laws of the State of New York with its principal place of business in Connecticut. Thus, pursuant to 28 U.S.C. § 1332(c)(1), General Electric Company is a citizen of New York and Connecticut.

12. GE Healthcare Inc. is, and has been at all relevant times, a corporation under the laws of the State of Delaware with its principal place of business in New Jersey. Thus, pursuant to 28 U.S.C. § 1332(c)(1), GE Healthcare Inc. is a citizen of Delaware and New Jersey.

13. GE Healthcare Bio-Sciences Corp. is, and has been at all relevant times, a corporation under the laws of the State of Delaware with its principal place of business in New Jersey. Thus, pursuant to 28 U.S.C. § 1332(c)(1), GE Healthcare Bio-Sciences Corp. is a citizen of Delaware and New Jersey.

14. Upon information and belief, improperly-joined Defendants Rhode Island Hospital and The Miriam Hospital (collectively "the Medical Defendants") are citizens and residents of Rhode Island.

15. The fact that the Medical Defendants are citizens of Rhode Island and the fact that Plaintiff alleges that the Medical Defendants are citizens of Rhode Island is irrelevant for removal purposes. As set forth in more detail below, the Medical Defendants are improperly joined. Thus, no properly-joined defendant is a resident of Rhode Island and complete diversity of citizenship exists between Plaintiffs and GEHC.

16. All properly-joined defendants consent to this Notice of Removal. Defendants who are not properly joined, or who are nominal parties or remain unserved, need not consent to the removal. 28 U.S.C. § 1332; Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986); Salveson v. Western States Bankcard Assoc., 731 F.2d 1423, 1429 (9th Cir. 1984); Gorman v. Abbot Laboratories, 629 F. Supp. 1196, 1200 (D.R.I. 1986).

**PLAINTIFFS HAVE IMPROPERLY JOINED THEIR MEDICAL-NEGLIGENCE CLAIM WITH PRODUCTS LIABILITY CLAIMS**

17. Plaintiffs have improperly joined the medical-negligence claims asserted against the Medical Defendants with the products-liability claims asserted against GEHC.

18. Indeed, Plaintiffs' Complaint completely separates the claims against GEHC from the claims against the Medical Defendants. Plaintiffs state only medical

negligence claims against the Medical Defendants. The remaining claims -- strict products liability claims, negligence claims, breach of warranty claims, and misrepresentation claims -- are asserted only against GEHC.

19. Plaintiffs' claims against GEHC and the Medical Defendants are clearly distinct from -- and even contradictory to -- one another. For instance, Plaintiffs allege that GEHC failed to warn of "serious adverse health risks presented by Omniscan (gadodiamide) administration." (Complaint at ¶ 31). Plaintiffs go on to assert that GEHC marketed and sold gadodiamide "without appropriate clinical evaluation" and "without appropriate and effective warnings." (Complaint at ¶ 20).

20. On the other hand, Plaintiffs allege that Medical Defendants "knew, or should have known . . . that the administration of gadolinium-based contrast agents, including Omniscan (gadodiamide), to patients with renal insufficiency, posed a foreseeable risk of that patient developing . . . [Nephrogenic Systemic Fibrosis ("NSF") / Nephrogenic Fibrosing Dermopathy ("NFD")]." (Complaint at ¶¶ 115–118, 121–124, and 127–129). To the extent the Plaintiffs claim that the Medical Defendants failed to heed information available to them, GEHC would not be liable for the Medical Defendants' failure to warn. The allegations in the Complaint make it clear that the liabilities, if any, of the Medical Defendants and GEHC are separate and distinct. Moreover, arguing contradictory alternative theories of liability against two separate groups of defendants would likely confuse and frustrate the trier-of-fact.

21. The claims are factually separable as well. The crux of the claims against the Medical Defendants arises from the alleged breach of duty of care that the Medical

Defendants owed while treating the Plaintiff. In contrast, Plaintiffs' claims against GEHC involve the design, testing, and manufacture of gadodiamide.

22. The evidence heard at the trial also will be separate. Plaintiffs' claims against the GEHC will relate to the development, manufacture, testing, etc. of the gadolidium-based contrast agents. The evidence related to the Medical Defendants, meanwhile, will be patient-specific, health-care-specific evidence regarding Plaintiff's care and treatment.

**BECAUSE THE CLAIMS ARE MISJOINED, THE COURT SHOULD SEVER THE MISJOINED CLAIMS UPON REMOVAL**

23. This Court should exercise its discretion to retain jurisdiction over claims asserted against GEHC and sever all claims against the Medical Defendants, which are separate and distinct. Plaintiffs' claims against the Medical Defendants should be dismissed without prejudice or remanded to state court. Alternatively, this Court recently decided on very similar facts that the resolution of a misjoinder issue should be stayed pending transfer to the MDL so that the MDL court can resolve the severance or remand questions. D'Amico v. Guidant Sales Corp., 2007 WL 3003181 at *2 (D.R.I. 2007) (Smith, J.). That is certainly a reasonable alternative on the present facts. The Court also recently outlined the standard for claims of fraudulent misjoinder -- though on a very different set of facts in a case presenting unique issues. Arriaga v. New England Gas Co., 483 F. Supp.2d 177 (D.R.I. 2007).

24. Rule 21 of the Federal Rules of Civil Procedure provides, "Parties may be dropped or added by order of the court . . . at any stage of the action and on such terms as are just." Courts may sever misjoined parties when their claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and the claims will

not involve a question of law or fact common to all parties. Hamilton v. Signature Flight Support Corp., 2005 WL 1514127 at *3 (N.D. Cal. June 21, 2005); In re Diet Drugs Prods. Liab. Litig., 2004 WL 2095451 (E.D. Pa. Sept. 20, 2004); Beaulieu v. Concord Group Ins. Co., 208 F.R.D. 478, 479 (D.N.H. 2002); see also See Crockett v. R.J. Reynolds Tobacco Co., et al., 436 F.3d 529, 533 (5th Cir. 2006) (agreeing with state court's severance of medical negligence claims against health care defendants from product liability claims against product manufacturer because the burdens of proof to establish claims are "totally different"); Greene v. Wyeth, 344 F. Supp.2d 1674, 1683 (D. Nev. 2004) (severing medical-malpractice claims against non-diverse doctor who prescribed Fen-phen from the product liability claims against the manufacturer because the claims were improperly joined).

25. Courts also sever misjoined parties in order to preserve diversity jurisdiction. Where plaintiffs have improperly joined parties in a lawsuit pursuant to Rule 20, courts have severed the claims against misjoined parties to preserve a removing party's right to removal. See, e.g., In re Rezulin Prod. Liab. Litig., 2003 WL 21276425 at *1-2 (S.D.N.Y. June 2, 2003); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996); In re San Juan DuPont Plaza Hotel Fire Litigation, 1989 WL 168401 at *64 (D.P.R. 1989) (severing misjoined parties so as to preserve diversity jurisdiction over case subject to an MDL order).

26. Here, Plaintiffs have misjoined the Medical Defendants because the medical negligence claims against those defendants are factually and legally distinct from the products-liability claims asserted against GEHC. The Plaintiffs themselves treat the Medical Defendants dissimilarly.

27. Courts also sever parties for the "efficient administration of justice." In re Diet Drugs Prods. Liab. Litig., 2004 WL 2095451 at *1 (E.D. Pa. Sept. 20, 2004) (citing Moore's Federal Practice § 21.02(1)). Here, the "efficient administration of justice" would best be served by transferring the products liability claims asserted against the Manufacturer Defendants to the MDL Court. In re San Juan DuPont Plaza Hotel Fire Litigation, 1989 WL 168401 at *64 (D.P.R. 1989) (severing misjoined parties so as to preserve diversity jurisdiction over case subject to an MDL order).

28. The MDL will coordinate pretrial activities in the more than 80 cases involving gadolinium-based contrast agents to avoid duplicative discovery and inconsistent rulings, including those related to complex science and *Daubert* issues, and to promote the just and efficient conduct of the litigation. This action belongs with the other cases in the MDL and the Plaintiffs should not be permitted to avoid the MDL's jurisdiction by improperly joining non-diverse defendants.

29. Upon severance of the Medical Defendants, this Court has diversity jurisdiction over the remaining defendants in this action pursuant to 28 U.S.C. § 1332.

**AMOUNT IN CONTROVERSY**

30. The amount in controversy in this case exceeds $75,000, excluding interest and costs. A defendant can establish the amount in controversy by the allegations in the complaint or by setting forth facts in the notice of removal that demonstrate that the amount in controversy exceeds $75,000. Gaus v. Miles, Inc., 980 F.2d 564, 576 (9th Cir. 1992); Gabrielle v. Allegro Resorts Hotels, 210 F. Supp.2d 62, 66 (D.R.I. 2002).

31. Plaintiffs seek damages for the administration of gadodiamide resulting in the development of NSF and/or NSD and that these conditions have caused him to suffer

"decreased range of motion in the joints of his ankles, knees, elbows and wrists," "difficulty ambulating," and "great pain and suffering, medical expenses, and loss of enjoyment of life." (Complaint at ¶¶ 38-39). For these alleged injuries Plaintiff seeks past and future medical expenses and damages for pain and suffering, emotional distress and loss of enjoyment of life. See, e.g., Gabrielle v. Allegro Resorts Hotels, 210 F. Supp.2d 62, 66 (D.R.I. 2002) (holding that the amount in controversy was satisfied where plaintiffs suffered personal injuries and sought compensation for medical treatment and psychological injury); Quinn v. Kimble, 228 F. Supp.2d 1038 (E.D. Mo. 2002) (holding that the amount in controversy was satisfied where plaintiff sought compensation for past and future medical expenses, lost wages, and damages for loss of enjoyment of life); In re Rezulin Prods. Liab. Litig., 133 F. Supp.2d 272, 296 (S.D.N.Y. 2001) (holding that amount in controversy was satisfied where plaintiffs alleged economic loss, medical and health expenses, and serious medical conditions).

## CONCLUSION

32. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Washington County Superior Court and written notice is being provided to the Plaintiffs and counsel of record.

WHEREFORE, General Electric Company, GE Healthcare Inc. and GE Healthcare Bio-Sciences Corp. hereby remove the action now pending against them in the Superior Court of the State of Rhode Island, Washington County, and request that this Court retain jurisdiction of all further proceedings.

GENERAL ELECTRIC COMPANY,
GE HEALTHCARE INC.,
GE HEALTHCARE BIO-SCIENCES CORP.

By its Attorneys,

Gerald J. Petros, 2931
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
401.274.2000 (TEL)
401.277.9600 (FAX)

Of Counsel:

Heidi L. Levine, Esq.
DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104

Dated: February 29 2008

**CERTIFICATION**

David E. Maglio, Esq.
David E. Maglio & Associates, P.C.
The Owen Building
101 Dyer Street, Second Floor
Providence, RI 02903

William Jestings, Esq.
Carroll, Kelly & Murphy
One Turks Head
Providence, RI 02903

I certify that I mailed a copy of the foregoing Notice of Removal to counsel of record, as above, on February 29, 2008.

#874606v2