**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| JOHN SMYTH and CYNTHIA SMYTH<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY,<br>GE HEALTHCARE, INC.,<br>GE HEALTHCARE BIO-SCIENCES CORP.,<br>RHODE ISLAND HOSPITAL and<br>THE MIRIAM HOSPITAL<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 08-0068 |

**DEFENDANTS GENERAL ELECTRIC COMPANY'S AND GE HEALTHCARE INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants GENERAL ELECTRIC COMPANY and GE HEALTHCARE INC. (incorrectly sued as GE Healthcare, Inc.) ("Defendants") respectfully file this Answer to Plaintiffs' Complaint and Jury Demand ("Complaint"), and respond as follows:

**PARTIES, VENUE AND JURISDICTION**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore deny the same.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and therefore deny the same.

3. Defendants admit that General Electric Company is a New York corporation, with its principal place of business at 3135 Easton Turnpike, Fairfield,

Connecticut, 06828. Pursuant to 28 U.S.C. §1332, General Electric Company is considered a citizen of both the State of New York and the State of Connecticut. Defendants further admit General Electric Company is the ultimate parent company of GE Healthcare Inc. and GE Healthcare Bio-Sciences Corp. Except as admitted, Defendants deny the allegations contained in Paragraph 3.

4. Defendants admit that GE Healthcare Inc. distributes, sells and markets Omniscan™ in the United States in accordance with FDA rules and regulations. Except as admitted, Defendants deny the allegations contained in Paragraph 4.

5. Defendants admit that GE Healthcare Inc. is a Delaware corporation, with its principal place of business at 101 Carnegie Center, Princeton, New Jersey, 08540. Pursuant to 28 U.S.C. §1332, GE Healthcare Inc. is considered a citizen of both the State of Delaware and the State of New Jersey. General Electric Company is the ultimate parent company of GE Healthcare Inc. Except as admitted, Defendants deny the allegations contained in Paragraph 5.

6. Defendants admit that GE Healthcare Inc. distributes, sells and markets Omniscan™ in the United States in accordance with FDA rules and regulations. Except as admitted, Defendants deny the allegations contained in Paragraph 6.

7. Defendants admit that GE Healthcare Bio-Sciences Corp. is a Delaware corporation with its principal place of business at 800 Centennial Avenue, Piscataway, New Jersey 08855. Pursuant to 28 U.S.C. §1332, GE Healthcare Bio-Sciences Corp. is considered a citizen of both the state of Delaware and the state of New Jersey. General Electric Company is the ultimate parent company of GE Healthcare Bio-Sciences Corp. Except as admitted, Defendants deny the allegations contained in Paragraph 7.

8. Defendants admit that GE Healthcare Inc. distributes, sells and markets Omniscan™ in the United States in accordance with FDA rules and regulations. Except as admitted, Defendants deny the allegations contained in Paragraph 8.

9. Paragraph 9 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore deny the same.

10. Paragraph 10 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore deny the same.

11. Paragraph 11 contains legal conclusions to which no response is required. In the alternative, Defendants admit that General Electric Company, GE Healthcare Inc. and GE Healthcare Bio-Sciences Corp. conduct business in the State of Rhode Island. Except as admitted, Defendants deny the allegations contained in Paragraph 11.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore deny the same.

13. Defendants admit that Omniscan™ is a gadolinium-based contrast agent that is FDA approved for use in the United States in MRI procedures. Omniscan™ is the formulation of the gadolinium complex of diethylenetriamine pentaacetic acid bismethylamide and has the generic name gadodiamide. Defendants further admit that Omniscan™ is approved by the FDA as reasonably safe for its approved uses when

utilized properly, in conjunction with the medical judgment of a trained healthcare professional and in accordance with its accompanying warnings, instructions, and contraindications. Except as admitted, Defendants deny the allegations contained in Paragraph 13.

14. Defendants admit that Salutar, Inc. described and conducted pre-clinical testing of the gadodiamide compound. Defendants also admit that Salutar, Inc. conducted certain pre-clinical testing in conjunction with Sterling Winthrop and Daiichi Pharmaceuticals. Defendants further admit that Hafslund Nycomed AS, a Norwegian company, acquired Salutar, Inc. Except as admitted, Defendants deny the allegations contained in Paragraph 14.

15. Defendants admit that Hafslund Nycomed AS acquired Sterling Winthrop's diagnostic imaging business in 1994. Except as admitted, Defendants deny the allegations contained in Paragraph 15.

16. Defendants admit that in 1997 Hafslund Nycomed AS acquired Amersham International plc, and the new company was named Amersham plc, which held the rights to Omniscan™. Except as admitted, Defendants deny the allegations contained in Paragraph 16.

17. Defendants admit that in 2004 General Electric Company acquired Amersham plc. Defendants further admit that prior to its acquisition, Amersham plc was the ultimate parent company of Amersham Health Inc., which distributed and sold Omniscan™ in the United States. In 2006, Amersham Health Inc. was renamed GE Healthcare Inc. Except as admitted, Defendants deny the allegations contained in Paragraph 17.

18. Defendants admit that Omniscan™ is cleared from the body through the kidneys by glomerular filtration. Except as admitted, Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants admit that Nephrogenic Systemic Fibrosis (NSF) is also known as Nephrogenic Fibrosing Dermopathy (NFD). Defendants further admit that NSF was first reported in medical literature in 2000, referencing a case from 1997. Except as admitted, Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Defendants admit that there are other gadolinium-based contrast agents approved for administration in the United States. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 and therefore deny the same.

25. Defendants admit that Omniscan™ is a linear, non-ionic compound that carries no molecular charge. Except as admitted, Defendants deny the allegations contained in Paragraph 25.

26. Defendants admit that NSF/NFD is a rare, acquired systemic disease which may lead to the increased formation of connective tissue in the skin, causing it to become thickened, coarse, and hard, leading to disabling contractures. NSF is progressive and may be fatal. Defendants expressly deny Paragraph 26 to the extent it purports to expand, or alter the meaning of, or is otherwise inconsistent with the accepted

medical and scientific definition of Nephrogenic Systemic Fibrosis also known as Nephrogenic Fibrosing Dermopathy. Except as admitted, Defendants deny the allegations contained in Paragraph 26.

27. Defendants admit that GE Healthcare Inc. distributes, sells and markets Omniscan™ in the United States in accordance with FDA rules and regulations. Omniscan™ is approved by the FDA as reasonably safe for its approved uses when utilized properly, in conjunction with the medical judgment of a trained healthcare professional and in accordance with its accompanying warnings, instructions, and contraindications. In May 2007, the FDA issued a notice that labeling for all gadolinium-based contrast agents should include a boxed warning. Except as admitted, Defendants deny the allegations contained in Paragraph 27. .

28. Defendants deny the allegations contained in Paragraph 28.

29. Defendants admit that the FDA issued a Public Health Advisory Alert in June 2006 regarding NSF. Except as admitted, Defendants deny the allegations contained in Paragraph 29.

30. Defendants deny the allegations contained in Paragraph 30.

31. Defendants deny the allegations contained in Paragraph 31.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore deny the same.

33. Defendants affirmatively state that Omniscan is not distributed, marketed or sold directly to consumers or the general public. Defendants admit that GE Healthcare Inc. distributes, sells and markets Omniscan™ in the United States in accordance with

FDA rules and regulations. Omniscan™ is approved by the FDA as reasonably safe for its approved uses when utilized properly, in conjunction with the medical judgment of a trained healthcare professional and in accordance with its accompanying warnings, instructions, and contraindications. To the extent Paragraph 33 is directed to other defendants, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 and therefore deny the same. Except as admitted, Defendants deny the allegations contained in Paragraph 33..

34. Defendants admit that GE Healthcare Inc. distributes, sells and markets Omniscan™ in the United States in accordance with FDA rules and regulations. Omniscan™ is approved by the FDA as reasonably safe for its approved uses when utilized properly, in conjunction with the medical judgment of a trained healthcare professional and in accordance with its accompanying warnings, instructions, and contraindications. In June and December 2006, Defendants issued "Dear Healthcare Professional" letters in the United States regarding NSF. In May 2007, the FDA issued a notice that labeling for all gadolinium-based contrast agents should include a boxed warning. To the extent Paragraph 34 is directed to other defendants, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 and therefore deny the same. Except as admitted, Defendants deny the remaining allegations contained in Paragraph 34.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 and therefore deny the same.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and therefore deny the same.

37. Paragraph 37 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 and therefore deny the same.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and therefore deny the same.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Defendants deny the allegations contained in Paragraph 41.

42. Defendants deny the allegations contained in Paragraph 42

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46

**COUNT I - GE DEFENDANTS**
**Strict Products Liability**
**Defective Manufacturing**

47. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 46 as if set forth fully herein.

48. Defendants admit that GE Healthcare Inc. distributes, sells and markets Omniscan™ in the United States in accordance with FDA rules and regulations. Except as admitted, Defendants deny the allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

**COUNT II - GE DEFENDANTS**
**Strict Products Liability**
**Design Defect**

51. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 50 as if set forth fully herein.

52. Defendants admit that GE Healthcare Inc. distributes, sells and markets Omniscan™ in the United States in accordance with FDA rules and regulations. Except as admitted, Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55.

**COUNT III - GE DEFENDANTS**
**Strict Products Liability**
**Defect Due to Inadequate Warning**

56. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 55 as if set forth fully herein.

57. Defendants deny the allegations contained in Paragraph 57.

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants deny the allegations contained in Paragraph 59.

**COUNT IV - GE DEFENDANTS**
**Strict Products Liability**
**Defect Due to Nonconformance with Representations**

60. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 59 as if set forth fully herein.

61. Defendants admit that GE Healthcare Inc. distributes, sells and markets Omniscan™ in the United States in accordance with FDA rules and regulations. Omniscan™ is approved by the FDA as reasonably safe for its approved uses when utilized properly, in conjunction with the medical judgment of a trained healthcare professional and in accordance with its accompanying warnings, instructions, and contraindications. Except as admitted, Defendants deny the allegations contained in Paragraph 61.

62. Defendants deny the allegations contained in Paragraph 62.

63. Paragraph 63 contains legal conclusions to which no response is required. In the alternative, Defendants deny the allegations contained in Paragraph 63.

64. Defendants deny the allegations contained in Paragraph 64.

**COUNT V - GE DEFENDANTS**
**Strict Products Liability**
**Defect Due to Failure to Adequately Test**

65. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 64 as if set forth fully herein.

66. Defendant GE Healthcare Inc. marketed Omniscan™ in accordance with FDA rules and regulations. Omniscan™ is approved by the FDA as reasonably safe for its approved uses when utilized properly, in conjunction with the medical judgment of a trained healthcare professional and in accordance with its accompanying warnings,

instructions, and contraindications. Except as admitted, Defendants deny the allegations contained in Paragraph 66.

67. Defendants deny the allegations contained in Paragraph 67.

68. Defendants deny the allegations contained in Paragraph 68.

**COUNT VI - GE DEFENDANTS**
**Strict Liability in Tort**

69. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 68 as if set forth fully herein.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71

72. Defendants deny the allegations contained in Paragraph 72.

73. Defendants deny the allegations contained in Paragraph 73.

74. Defendants deny the allegations contained in Paragraph 74.

**COUNT VII - GE DEFENDANTS**
**Negligence - Highest Possible Duty of Care**

75. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 74 as if set forth fully herein.

76. Paragraph 76 contains legal conclusions to which no response is required. In the alternative, Defendants deny the allegations contained in Paragraph 76.

77. Defendants deny the allegations contained in Paragraph 77.

78. Defendants deny the allegations contained in Paragraph 78.

79. Defendants deny the allegations contained in Paragraph 79.

80. Defendants deny the allegations contained in Paragraph 80.

81. Defendants deny the allegations contained in Paragraph 81.

**COUNT VIII - GE DEFENDANTS**
**Negligent Design**

82. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 81 as if set forth fully herein.

83. Paragraph 83 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations contained in Paragraph 83.

84. Defendants deny the allegations contained in Paragraph 84.

85. Defendants deny the allegations contained in Paragraph 85.

86. Defendants deny the allegations contained in Paragraph 86.

87. Defendants deny the allegations contained in Paragraph 87.

88. Defendants deny the allegations contained in Paragraph 88.

**COUNT IX - GE DEFENDANTS**
**Breach of Express Warranty**

89. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 88 as if set forth fully herein.

90. Defendants admit that Omniscan™ is approved by the FDA as reasonably safe for its approved uses when utilized properly, in conjunction with the medical judgment of a trained healthcare professional and in accordance with its accompanying warnings, instructions, and contraindications. Except as admitted, Defendants deny the allegations contained in Paragraph 90.

91. Defendants deny the allegations contained in Paragraph 91.

92. Defendants deny the allegations contained in Paragraph 92.

**COUNT X - GE DEFENDANTS**
**Breach of Implied Warranty**

93. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 92 as if set forth fully herein.

94. Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is deemed to be required, Defendants admit that Omniscan™ is approved by the FDA as reasonably safe for its approved uses when utilized properly, in conjunction with the medical judgment of a trained healthcare professional and in accordance with its accompanying warnings, instructions, and contraindications. Except as admitted, Defendants deny the allegations contained in Paragraph 94.

95. Defendants deny the allegations contained in Paragraph 95.

96. Defendants deny the allegations contained in Paragraph 96.

97. Defendants deny the allegations contained in Paragraph 97.

**COUNT XI - GE DEFENDANTS**
**Fraud/Misrepresentation**

98. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 97 as if set forth fully herein.

99. Defendants deny the allegations contained in Paragraph 99.

100. Defendants deny the allegations contained in Paragraph 100.

101. Defendants deny the allegations contained in Paragraph 101.

102. Defendants deny the allegations contained in Paragraph 102.

103. Defendants deny the allegations contained in Paragraph 103.

104. Paragraph 104 contains legal conclusions to which no response is required. In the alternative, Defendants deny the allegations contained in Paragraph 104.

105. Paragraph 105 contains legal conclusions to which no response is required. In the alternative, Defendants deny the allegations contained in Paragraph 105.

106. Defendants deny the allegations contained in Paragraph 106.

107. Defendants deny the allegations contained in Paragraph 107.

**COUNT XII- GE DEFENDANTS**
**Negligent Misrepresentation**

108. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 107 as if set forth fully herein.

109. Defendants deny the allegations contained in Paragraph 109.

110. Defendants deny the allegations contained in Paragraph 110.

111. Defendants deny the allegations contained in Paragraph 111.

112. Paragraph 112 contains legal conclusions to which no response is required. In the alternative, Defendants deny the allegations contained in Paragraph 112.

113. Defendants deny the allegations contained in Paragraph 113.

**COUNT XIII**
**Negligence - Rhode Island Hospital**

114. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 113 as if set forth fully herein.

115. Paragraph 115 is directed to another defendant and thus requires no response. In the alternative, to the extent that a response is deemed required, Defendants deny that any cause-effect relationship has been established between any gadolinium-based contrast agent, including Omniscan™, and NSF. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 115 and therefore deny the same.

116. Paragraph 116 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 and therefore deny the same.

117. Paragraph 117 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 and therefore deny the same.

118. Paragraph 118 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 118 and therefore deny the same.

119. Paragraph 119 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 and therefore deny the same.

## COUNT XIII
## Lack of Informed Consent - Rhode Island Hospital

120. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 119 as if set forth fully herein.

121. Paragraph 121 is directed to another defendant and thus requires no response. In the alternative, to the extent that a response is deemed required, Defendants deny that any cause-effect relationship has been established between any GBCA, including Omniscan™, and NSF. Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 121 and therefore deny the same.

122. Paragraph 122 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 and therefore deny the same.

123. Paragraph 123 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 and therefore deny the same.

124. Paragraph 124 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 and therefore deny the same.

125. Paragraph 125 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and therefore deny the same.

## COUNT XIV
**Negligence -The Miriam Hospital**

126. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 125 as if set forth fully herein.

127. Paragraph 127 is directed to another defendant and thus requires no response. In the alternative, to the extent that a response is deemed required, Defendants

deny that any cause-effect relationship has been established between any GBCA, including Omniscan™, and NSF. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 127 and therefore deny the same.

128. Paragraph 128 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 128 and therefore deny the same.

129. Paragraph 129 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 and therefore deny the same.

130. Paragraph 130 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 and therefore deny the same.

131. Paragraph 131 is directed to another defendant and thus requires no response. In the alternative, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 and therefore deny the same.

## COUNT XV
**Loss of Consortium - Cynthia Smyth**

132. Defendants hereby incorporate their responses to the allegations contained in Paragraphs 1 through 131 as if set forth fully herein.

133. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 and therefore deny the same.

134. Defendants deny the allegations contained in Paragraph 134.

**RELIEF REQUESTED**

Defendants deny that Plaintiffs are entitled to any of the relief requested.

Defendants deny each and every statement, allegation, and averment contained in the Complaint that has not been expressly admitted above.

**AFFIRMATIVE DEFENSES**

Discovery and investigation may reveal that one or more of the following additional defenses are available to Defendants in this matter. Defendants accordingly assert the following defenses. Upon completion of discovery, if the facts warrant, Defendants may withdraw any of these defenses as may be appropriate. Defendants further reserve the right to amend this Answer to assert additional defenses and other claims as discovery proceeds. Further answering, and by way of additional defense, Defendants state as follows:

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitations, statutes of repose and/or the doctrines of laches, estoppel, waiver, unclean hands or ratification.

3. Defendants provided adequate warnings to John Smyth's physicians. Therefore, any claims by Plaintiffs for inadequate warnings are barred by the learned intermediary doctrine and/or sophisticated user.

4. Plaintiffs' claims based on inadequate warning are barred even if the Defendants failed to provide adequate warnings with respect to known or potential dangers or risks associated with the use of Omniscan™ because physicians prescribing Omniscan™ either knew or should have known of the potential or known dangers or risks, and there is no duty to warn members of a profession against dangers known or which should be known to members of the profession.

5. Plaintiffs' claims are barred in whole or in part because the products, methods, standards, and/or techniques used in manufacturing, designing, marketing, and/or labelling were in conformity with the state of the art at the time they were manufactured, designed, marketed, and/or labeled.

6. Plaintiffs' claims are barred in whole or in part because the manufacture, labeling and sale of Omniscan™ was and is controlled by federal law, and the Defendants at all relevant times complied with applicable statutes and with the requirements of the FDA.

7. Plaintiffs' claims are barred in whole or in part to the extent Plaintiffs have released, settled, entered into an accord and satisfaction, or otherwise compromised their claims.

8. Plaintiffs' claims are barred in whole or in part by their assumption of the risk associated with the purchase and/or use of the product.

9. Plaintiffs' claims are barred in whole or in part by product misuse by the Plaintiff John Smyth or his physicians including, among other things, their failure to follow warnings and/or failure to follow instructions.

10. Plaintiffs' claims under state law are barred by the doctrine of federal preemption.

11. Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the FDA over the subject pharmaceutical product at issue under applicable federal laws, rules and regulations.

12. If Defendants' product was unsafe (which Defendants deny), the Plaintiffs' claims are barred because the product was unavoidably unsafe.

13. Plaintiffs' claims are barred in whole or in part under the doctrine described in the Restatement (Second) of Torts §402A cmt. k.

14. Plaintiffs' claims are barred in whole or in part because the pharmaceutical product at issue provides net benefits for a class of patients within the meaning of Restatement (Third) of Torts: Products Liability §6 cmt. f.

15. Plaintiffs failed to notify Defendants of any alleged breach of warranty within a reasonable time after they discovered or should have discovered any such alleged breach and are therefore barred from recovery on such claims.

16. Any warranties made by Defendants to Plaintiffs were disclaimed.

17. Any claim for breach of express warranty must fail because Plaintiffs failed to allege any representation about the product at issue giving rise to an express warranty.

18. Any claim for breach of implied warranty fails because the product at issue was used for its ordinary purpose.

19. Plaintiffs' breach of warranty claims are barred because there is a lack of privity between Plaintiffs and Defendants.

20. Plaintiffs' claims are barred or reduced by Plaintiffs' contributory and/or comparative negligence, and/or contributory and/or comparative fault.

21. Plaintiffs have failed to allege fraud with particularity.

22. To the extent Plaintiffs' claims related to Defendants' advertising, marketing, public statements, lobbying, or other activities protected by the First Amendment to the United States Constitution and the Rhode Island Constitution, such claims are barred.

23. Defendants specifically plead all defenses under the Uniform Commercial Code now existing or which may arise in the future.

24. Plaintiffs have failed to join all indispensable parties; as a result of this failure, complete relief cannot be accorded to those already parties to this action and will result in prejudice to Defendants.

25. Plaintiffs' claims and recovery are barred, reduced and/or limited pursuant to applicable constitutional, statutory and common law regarding limitations of awards and recovery.

26. Plaintiffs' damages, if any, were caused solely or partially by some third person or third party for whom Defendants are not legally responsible.

27. Plaintiffs' damages, if any, resulted from new and independent, unforeseeable, superseding or intervening causes unrelated to the conduct of, or product manufactured, distributed or introduced into interstate commerce by Defendants.

28. Plaintiffs' damages, if any, were the result of pre-existing conditions unrelated to any conduct of, or product manufactured, distributed or introduced into interstate commerce by Defendants.

29. Plaintiffs' damages, if any, were caused by changes and/or alterations to the Defendants' products, made by persons not within Defendants' control.

30. Plaintiffs' damages, if any, must be reduced by any amount of damages legally caused by Plaintiffs' own failure to mitigate such damages.

31. Defendants liability, if any, for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to Plaintiffs' total non-economic loss, if any, including those over whom Plaintiffs could have obtained personal jurisdiction with due diligence.

32. Any verdict or judgment that might be recovered by Plaintiffs must be reduced by those amounts that have indemnified, or will in the future, with reasonable certainty, indemnify Plaintiffs in whole or in part for any past or future claimed economic loss from any collateral source such as insurance, social security, workers' compensation or employee benefit program.

33. Plaintiffs' damages, if any, were cause by unrelated, pre-existing medical and/or health conditions.

34. Plaintiffs' damages, if any, are not recoverable because they are legally too remote, indirect, and speculative.

35. Plaintiffs' claim seeking punitive damages violates the substantive and procedural aspects of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause , the Excessive Fines Clause, and the cognate provisions of the Rhode Island Constitution.

**JURY DEMAND**

Defendants hereby demand a trial by jury.

WHEREFORE, Defendants General Electric Company and GE Healthcare Inc. respectfully request this Court dismiss Plaintiffs' claims with prejudice, award the Defendants costs and attorneys fees incurred in responding to the Complaint, and award the Defendants such other relief the Court deems appropriate.

Respectfully submitted this 12th day of March, 2008.

GENERAL ELECTRIC COMPANY,
GE HEALTHCARE INC., and
GE HEALTHCARE BIO-SCIENCES CORP.

By their Attorneys,

/s/ Brent R. Canning
Gerald J. Petros, Esq. (#2931)
Brent R. Canning, Esq. (#5546)
HINCKLEY, ALLEN & SNYDER LLP
50 Kennedy Plaza, Suite 1500
Providence, RI 02903
401.274.2000 (TEL)
401.277.9600 (FAX)
bcanning@haslaw.com
gpetros@haslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2008, I electronically filed the foregoing DEFENDANTS GENERAL ELECTRIC COMPANY'S AND GE HEALTHCARE INC.'S ANSWER AND AFFIRMATIVE DEFENSES with the Clerk of Court using the CM/ECF system which will send e-mail notification of such filing to the following attorney of record:

David E. Maglio, Esq.
The Owen Building
101 Dyer Street, Second Floor
Providence, Rhode Island 02903

and by first class mail, postage-prepaid to:

William Jestings, Esq.
Carroll, Kelly & Murphy
One Turks Head
Providence, RI 02903

/s/ Brent R. Canning